Guy F. Fenter, Director Western Arkansas Education Service Cooperative 3010 E. Hwy 22, Suite A Branch, AR 72928
Dear Mr. Fenter:
You have asked for my opinion concerning a Freedom of Information Act ("FOIA") request that has been submitted to your office. You have provided a copy of the request and you have asked, specifically, "whether or not there is information requested that may not be released because of the requirements of protecting personal information."
RESPONSE
I must note, initially, that with the exception of the first three types of records listed in the request in this instance, the records sought do not fall within A.C.A. § 25-19-105(c)(3)(B) (Supp. 2003), which directs me to issue an opinion as to whether the custodian's decision regarding the release of "personnel" or "employee evaluation" records is consistent with the FOIA. This opinion is necessary limited, therefore, to the request as it pertains to (a): "employment contracts," (b): "schedules of compensation," and (c): "Forms W-2 and 1099," all of which generally constitute "personnel records" under the FOIA. I am neither required not authorized by § 25-19-105(c)(3)(B), however, to address the release of the remaining records listed.
I must also note as an initial matter that because I have not been apprised of the custodian's decision, I can only opine generally regarding the release of these types of records. The custodian must make his or her own determination based upon the actual records, guided by the general principles set forth herein.
With regard, first, to employment contracts and records revealing employees' compensation, it is my opinion as noted above that such records are "personnel records" for purposes of the FOIA. Accordingly, they are open to public inspection and copying except to the extent they contain information the release of which would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2003). I have not been provided with copies of the records, and thus cannot conclusively opine in this regard. This office has previously opined, however, that the type of information contained in teacher contracts generally does not rise to the level of an "unwarranted invasion of personal privacy." See Op. Att'y Gen. No. 88-147. Please note, additionally, that I have enclosed a copy of another previous opinion (Att'y Gen. Op. 93-337) that may be of assistance. That opinion involved employment contracts of public school district employees which contained, among other items, the names, salaries, social security numbers, and lengths of contracts. It was concluded therein that while it would be consistent with the FOIA to delete social security numbers from the contracts prior to releasing the records, names, salaries, and lengths of contracts are not exempt from public disclosure. I also refer you in this regard to Attorney General Opinion 2003-298, which addresses salary information and which reiterates the following analysis of the "clearly unwarranted invasion of personal privacy" exception:
 The FOIA does not define the phrase `clearly unwarranted invasion of personal privacy.' The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a `clearly unwarranted invasion of personal privacy,' the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a `clearly unwarranted invasion of personal privacy.
* * *
 . . . [C]ourts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
 Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice, 308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 In my opinion the public's interest in the salaries and qualifications of its employees is substantial. It will therefore usually outweigh any privacy interest. The records requested, in my opinion, do not appear to contain the type of `intimate' information which could overcome the public's interest under A.C.A. § 25-19-105(b)(10) [now A.C.A. § 25-19-105(b)(12)].[1] The salaries of public employees are a matter of public record and are not exempted by A.C.A. § 25-19-105(b)(10). . . . To the extent the District has records reflecting this information, it should be provided.
Not having reviewed the actual records, I lack sufficient information to determine whether any deletions (other than social security numbers) from the "employment contracts" or "schedules of compensation" are warranted in this instance. The foregoing discussion should, however, provide guidance in making this case-by-case determination.
With regard to "Forms W-2 and 1099," it is my opinion, consistent with previous Attorney General Opinions, that these records reflecting federal tax information and withholding are exempt from public inspection and copying. See, e.g., Op. Att'y Gen. 2001-112 (and opinions cited therein).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life — details which if disclosed might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Young v. Rice, supra.